GARY A. ANGEL, CSB NO. 70006
FREAR STEPHEN SCHMID, CSB NO. 96089
LAW OFFICE OF GARY A. ANGEL
177 POST STREET, SUITE 550
SAN FRANCISCO, CA  94108
TELEPHONE:  (415) 788-5935
FACSIMILE:  (415) 788-5958
EMAIL:  angelgary@aol.com

Attorneys for Plaintiff
ELECTRONIC SCRIPTING PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRONIC SCRIPTING PRODUCTS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HTC AMERICA, INC., a corporation ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case Number: 3:17-cv-05806-JSC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE STAY AFTER DENIAL OF INTER PARTES REVIEW** <br><br> Date: June 20, 2019 <br> Time: 11:00 A.M. <br> Courtroom: 3 <br> Honorable Richard Seeborg |

**INTRODUCTION**

This case was stayed by the order of the court dated April 3, 2018, pursuant the stipulation filed in this court (Doc 55), as a result of the defendant advising it would seek *Inter Partes* review of the two separate patents alleged in the complaint. Since then, the Patent Trial and Appeal Board ("PTAB") has denied four *Inter Partes* Review petitions addressed to patent 9,235,934 B2, on

September 24, 2018 and April 2, 2018, (copies attached to Gary A. Angel Declaration, as Exhibit 1 [HTC denial] and Exhibit 2 [3 Valve Corporation denials]). Plaintiff ESPI hereby moves by this motion that the stay in this case be vacated, as to plaintiff's claim on the '934 patent, (thereby continuing the stay as to separate claim for infringement of the 8,553,935), and that the court schedule a CMC for further activity in this case consistent with the initial CMC Order (Doc 53), filed on March 29, 2018. The PTAB has also denied 3 additional IPR's as to the '935 patent on May 1, 2019 (see attached Exhibit 3 to the Gary A. Angel declaration).

## BASIS FOR MOTION

On March 16, 2018, the court issued its order denying HTC's motion to dismiss on "Alice" grounds, but granting the motion with leave to amend for failure to state a claim (Doc 47). Thereafter, HTC orally advised both ESPI and the court at the initial Case Management Conference, held on March 29, 2018, that it would be filing petitions for *Inter Partes* review. The parties thereafter, entered into a stipulation for a stay of the proceedings, pending *Inter Partes* Review. On April 3, 2018, the court ordered the stay (Doc 55). Thereafter, HTC filed for *Inter Partes* review on both of ESPI's patents Nos. 9,235,934 B2 and 8,553,935 B2. The PTAB has

denied the four (4) petitions as to patent '934, and instituted the IPR as to the '935 patent, with the trial of the '935 patent currently set for June 4, 2019. Thus, plaintiff proposes that the '935 claim remain stayed under F.R.C.P 42, and vacate the stay of the '934 patent and have the case proceed.

Consistent with Rule 42, to not prejudice and delay the rights of ESPI, a separate trial is appropriate for the two patents which are, in fact, separate claims for relief (which would require independent evidence). It has now <u>been over one year</u> since the stay was put in place in this court. In order to avoid further unnecessary delay with regard to ESPI's rights concerning the validated patent '934, and as a result of HTC's continuing infringement, plaintiff ESPI would propose to move forward on its valid patent infringement claim and have its rights determined.

We presume that HTC will argue that under the stipulation a complete resolution of both IPR's is required. But this read would serve no purpose. Resolution of the second IPR on the '935 patent will have no impact on ESPI's rights and a trial of the '934 patent. For example, there are no issues of claim construction tendered in the '935 IPR and thus no spill over effect as to the '935 patent. This court has inherit power to control its calendar. It would serve to benefit all parties to have the '934 patent resolved sooner than later, and it will not cause any duplication of efforts to try the '934 patent separately.

## CONCLUSION

In light of the fact that each party is entitled to its day in court, and that the stipulation in this case was put forth in order for HTC to file its IPR petitions and have the PTAB make a decision, and not involve the court in said matters until a PTAB decision was issued, plaintiff ESPI at this time requests this court allow ESPI to gain proper relief and vacate the stay consistent with its rights relative to its '934 patent, since it has been well over one year since the stay was put in place, and the PTAB has completely denied institution and validated EPSI's claims with respect to patent No. 9,235,934 B2 (see declaration of Gary A. Angel and exhibits thereto).

Dated: May 10, 2019          LAW OFFICES OF GARY A. ANGEL


                             BY:_____/s/_____
                             Gary A. Angel
                             Attorneys for Plaintiff
                             ELECTRONIC SCRIPTING PRODUCTS, INC.