UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ELECTRONIC SCRIPTING PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HTC AMERICA INC., <br><br> Defendant. | Case No. 17-cv-05806-RS (RMI) <br><br> **ORDER ON JOINT DISCOVERY LETTER BRIEF** <br><br> Re: Dkt. No. 87 |

Before the court is the parties' Joint Discovery Letter Brief (dkt. 87). In the brief, Defendant HTC America, Inc. ("HTCA") requests that the court enter the District's model protective order in this case "because the parties' claims and defenses will necessarily implicate confidential technical and financial material from the parties and third parties." *Id*. at 2. Plaintiff Electronic Scripting Products, Inc. ("ESPI"), asserts that it is "happy to have no protective order," but requests that if one is entered, two modifications be made, the first regarding the "prosecution bar" and the second regarding the designation of confidential information. *Id*. The matter came on for hearing before the undersigned on March 3, 2020. For the reasons that follow, the court finds that the entry of the model protective order without modification is appropriate.

**DISCUSSION**

"The court may, for good cause, issue an order to protect a party" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26. HTCA asserts that this case will necessarily require the disclosure of its, and third parties', highly confidential "crown jewel" source code and financial information. *See generally* Letter Brief (dkt. 87). ESPI does not

explicitly dispute HTCA's assertions regarding the confidentiality of the information, rather, ESPI states that it "has no interest *per se* in looking at HTCA's 'crown jewels.'" *Id*. at 3. Because the discovery in this case will likely require the production of highly confidential technical information, including that of source codes, and confidential financial information, the court finds that HTCA has established good cause for the entry of a protective order.

Under this District's Patent Local Rules, "[t]he Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order." N.D. Cal. Patent L.R. 2–2. ESPI argues that the model order should be modified to remove the "automatic" prosecution bar, and instead require the production of a log of any documents that the producing party believes would trigger the prosecution bar, and include a provision that would allow the receiving party to motion for an *in camera* review of any such logged documents. *See* Letter Brief (dkt. 87) at 3-4. ESPI argues that the model protective order's automatic triggering of the prosecution bar in paragraph 8 would "indiscriminately interfere" with ESPI's right to seek advice from present counsel and serve to "violate Plaintiff's and its counsel's rights under the First Amendment, including, but not limited to, the right to speech and petition." *Id*. at 3.

In counter, HTCA argues that:

> ESPI is engaged in the ongoing prosecution of patent applications directly related to the single asserted patent, including a reissue application of the '935 Patent originally asserted in this case but later invalidated by the PTAB, which ESPI has already threatened to assert against HTCA even before any further examination has taken place. *See* Ex. A, Alboszta Nov. 14, 2019 letter.
>
> ESPI's ongoing prosecution of applications related to the asserted patent creates a significant risk of inadvertent disclosure, including the risk that ESPI will tailor its claims or its arguments to the Patent and Trademark Office based on its knowledge of either HTCA's highly confidential technical information or the technical information or source code of a third party (e.g. HTC Corporation or Valve Corporation). The risk of such misuse is present even without any intent to misuse HTCA's or a third party's confidential information in prosecution.

*Id*. at 4.

In deciding whether a prosecution bar is appropriately included in a protective order, courts look to whether "there is an unacceptable risk of disclosure of confidential information" and whether "the proposed prosecution bar is reasonable in scope." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2014 WL 6629431, at *1 (N.D. Cal. Nov. 21, 2014).

2

Here, because ESPI's counsel is involved in the litigation described above, and "for other matters, including, but not limited to review/drafting of submissions to the US Patent office," (ESPI's portion of the Letter Brief (dkt. 87) at 3), there is an unacceptable risk of disclosure. *See Karl Storz Endoscopy-Am., Inc.*, 2014 WL 6629431, at *3 ("The Court agrees that based on [counsel's] participation in prosecuting the patents-in-suit and other related patents for KSEA, sensitive information received from Defendant in this action might unintentionally be used in prosecuting on-going patent applications for Plaintiff."); *see also, In re Deutsche Bank Tr. Co. Americas*, 605 F.3d 1373, 1380 (Fed. Cir. 2010) ("[M]any attorneys involved in litigation are more substantially engaged with prosecution. Such involvement may include obtaining disclosure materials for new inventions and inventions under development, investigating prior art relating to those inventions, making strategic decisions on the type and scope of patent protection that might be available or worth pursuing for such inventions, writing, reviewing, or approving new applications or continuations-in-part of applications to cover those inventions, or strategically amending or surrendering claim scope during prosecution. For these attorneys, competitive decision making may be a regular part of their representation, and the opportunity to control the content of patent applications and the direction and scope of protection sought in those applications may be significant.").

As to whether the proposed prosecution bar is reasonable in scope, "[t]he Northern District's model protective order is presumptively reasonable." *In re Lithium Ion Batteries Antitrust Litig.*, 2017 WL 930317, at *3 (N.D. Cal. Mar. 9, 2017). As HTCA rightly points out, the model protective order, in paragraph 6, provides a mechanism for parties to dispute confidential designations. Accordingly, the court will not modify the model protective order with respect to the prosecution bar in paragraph 8.

ESPI also seeks a modification to the "designation of confidential material" portion of the model protective order in paragraph 5. Specifically, ESPI seeks to modify the requirements in paragraph 5.2(a) that parties label as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" each page that contains protected material. *See* Letter Brief (dkt. 87) at 5. ESPI argues that such a

3

requirement is onerous because they are a small entity and would have to engage the "expensive service of outside vendors." *Id*. at 6. HTCA argues that ESPI seeks to shift the burden of tracking and handling confidential documents to the receiving party and that ESPI has not provided a valid reason for modifying the model order. *Id*. HTCA also argues that because Patent Local Rule 2-2 requires that the District's interim model protective order applies to all production absent a superseding order, ESPI's previous production of over 13,000 electronic files without the confidential labels was improper. *Id*.

The court finds no basis for the modification of the presumptively reasonable model protective order. The large number of documents in this case, which will likely be used at depositions, in pleadings, and at trial, is exactly why this provision was included in the model order. As to the files that have already been produced, the court will not require ESPI to reproduce the documents in accordance with the interim model order. However, any future production must be in accordance with the protective order.

## CONCLUSION

Accordingly, it is ORDERED that HTCA's request for a protective order is GRANTED, and ESPI's request to modify the model protective order is DENIED. The parties shall file a stipulated protective order that is consistent with this Order.

**IT IS SO ORDERED.**

Dated: March 10, 2020

ROBERT M. ILLMAN
United States Magistrate Judge

4