Matthew C. Bernstein, Bar No. 199240
MBernstein@perkinscoie.com
Evan S. Day, Bar No. 283896
EDay@perkinscoie.com
Ruchika Verma, Bar No. 311279
RVerma@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA 92130-2594
Telephone: 858.720.5700
Facsimile: 858.720.5799

Attorneys for Defendant
HTC AMERICA, INC.

Gary A. Angel, CSB No. 70006
angelgary@aol.com
Frear Stephen Schmid, CSB No. 96089
frearschmid@aol.com
LAW OFFICE OF GARY A. ANGEL
90 New Montgomery Street, Suite 600
San Francisco, CA 94105
Telephone: 415.788.5935
Facsimile: 415.788.5958

Attorneys for Plaintiff
ELECTRONIC SCRIPTING PRODUCTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC SCRIPTING PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HTC AMERICA, INC., <br><br> Defendant. | Case No. 3:17-cv-05806-RS <br><br> **JOINT LETTER REGARDING HTC AMERICA, INC.'S REQUEST FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** |

June 3, 2021

**VIA ECF**

The Honorable Robert M. Illman
United States Magistrate Judge for the Northern District of California
Eureka-McKinleyville Courthouse
3140 Boeing Avenue
McKinleyville, CA 95519

Re: *Electronic Scripting Products, Inc. v. HTC America, Inc.*, Case No. 18-cv-5806-RS

Your Honor:

Pursuant to Paragraph 3 of the Court's Case Management Scheduling Order (Dkt. No. 53, as amended by Dkt. Nos. 75 and 117), Defendant HTC America, Inc. ("HTCA") and Plaintiff Electronic Scripting Products, Inc. ("ESPI") jointly submit this letter to address the parties' dispute concerning HTCA's opposed request for leave under Patent L.R. 3-6 to amend its Patent L.R. 3-4 Invalidity Contentions to add an additional invalidity defense of improper inventorship under 35 U.S.C. § 102(f).

**A.    HTCA's Position**:

HTCA should be permitted to amend its invalidity contentions because it recently learned through discovery that ESPI omitted its co-founder, Stewart R. Carl, as an inventor on the single asserted patent. Specifically, HTCA learned through a recent (April 17) deposition of Mr. Carl that among those at ESPI, Mr. Carl first contributed the concept of placing a photosensor (*e.g.,* a camera) on an object being tracked and using data from that sensor to calculate the position and orientation of the objection, a concept which is essential to the remaining asserted patent claims. HTCA promptly informed ESPI that it intended to move to amend its invalidity contentions.

ESPI was founded in approximately 2003 in order to develop an electronic pen which would track its position and orientation (collectively referred to as the "pose" of the pen) using a camera (a "photodetector") located "on-board" the object to detect reference points in the environment (such as the edges of a piece of paper), from which the position and orientation of the pen could be inferred. ESPI originally applied for a patent on this basic concept in January 2004, which issued in 2013 as U.S. Pat. No. 8,542,219 (Ex. 1), naming Mr. Carl and three others as inventors. Over the course of several years and several continuation-in-part applications adding additional material to the claims and specification, ESPI's original electronic pen patent evolved into the currently asserted U.S. Patent No. 9,235,934 ("'934 Patent") (Ex. 2), which claims a "wearable article" with a photodetector located on the object, and does not name Mr. Carl as a co-inventor.

Early in this case, ESPI argued in response to a motion under 35 U.S.C. § 101 that "[t]he core concept included in the subject patents is the unconventional use of 'on-board' photodetectors (rather than off-board photodetectors) to capture and track absolute 3D position(s) and orientation(s) of the worn or manipulated physical object(s)." D.I. 44 at 5. However, when HTCA recently deposed Mr. Carl, Mr. Carl testified that he (and not the other inventors listed on the '934 Patent) developed this "core concept." Ex. 3 (Carl Dep. Tr.) at 21:1-10, 21:17-22, 65:1-4. While ESPI's previous interrogatory responses cited to certain portions of

1

the '219 patent as support for the alleged conception and priority of the '934 Patent claims, Mr. Carl testified that he conceived the concepts embodied in those passages. Ex. 4 (ESPI Response to HTCA Interrogatories) at 11-12 (citing '219 Patent at 3:42-55); Ex. 3 at 65:1-4, 66:15-18.

A patent is invalid under 35 U.S.C. § 102(f) (pre-America Invents Act) "if more or less than the true inventors are named." *See Trovan, Ltd. v. Sokymat SA, Irori*, 299 F.3d 1292, 1301 (Fed. Cir. 2002). A joint inventor need not contribute equally or to every element of an asserted claim, but must be named as an inventor if he contributed "an essential feature of the claimed invention." *In re VerHoef,* 888 F.3d 1362, 1366 (Fed. Cir. 2018), *as amended* (May 7, 2018) (affirming USPTO rejection of claim for failure to identify joint inventor who conceived essential element). Here, ESPI may not like or agree with Mr. Carl's testimony that he developed the concept of an "on-board" photodetector to track position and orientation of an object. However, ESPI's own description of the ideas contributed by Mr. Carl as the "core concept" of the alleged invention, and ESPI's reliance in interrogatory responses on the portions of the '219 Patent that reflect Mr. Carl's contributions as priority support for the asserted claims of the '934 Patent, all confirm that these concepts are essential features of the claimed invention. Therefore, Mr. Carl's testimony (particularly in light of ESPI's statements) supports a defense of invalidity due to improper inventorship under § 102(f).

Patent L.R. 3-6 allows Invalidity Contentions to be amended by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may show good cause include "recent discovery of material, prior art despite earlier diligent search" and "recent discovery of nonpublic information about the Accused Instrumentality." Both examples are analogous to the situation here, where HTCA learned that Mr. Carl was an unnamed inventor from non-public information learned for the first time at a deposition. Indeed, courts with similar local rules to this District have granted motions to amend invalidity contentions under highly similar circumstances when a defendant learned of an inventorship defense through depositions. *See, e.g. In re Certain Consol. Roflumilast Cases*, No. CV 15-3375 (FLW), 2017 WL 3816542, at *1–2 (D.N.J. Aug. 31, 2017), *Allergan, Inc. v. Teva Pharms. USA, Inc.,* No. 2:15-CV-1455-WCB, 2017 WL 1512334, at *2-5 (E.D. Tex. Apr. 27, 2017), *Semcon IP Inc. v. ZTE Corp. et al.*, No. 2:16-cv-00437-JRG-RSP, slip op. at 1 (E.D.Tex. Nov. 8, 2017).

HTCA diligently moved for leave to amend its contentions after discovering Mr. Carl's inventorship during the deposition on April 17. HTCA informed ESPI of its intent to amend just over a week after receiving Mr. Carl's deposition transcript, provided ESPI with draft amended contentions (Ex. 4 at 18-21), and completed the required meet-and-confer process before filing this joint discovery letter. Good cause for the amendment therefore exists because HTCA moved diligently to amend after learning the new information in Mr. Carl's deposition. *See, e.g. Illumina Inc. v. BGI Genomics Co.*, No. 20-CV-01465-WHO, 2021 WL 1022865, at *2 (N.D. Cal. Mar. 17, 2021), *citing O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1365-66 (Fed. Cir. 2006) ("The [Patent Local] rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories").

Nor will ESPI be prejudiced by the amendment. The information concerning Mr. Carl's inventorship concerns his time at ESPI, of which ESPI is well aware. Mr. Carl is the only witness who has been deposed so far in this case; ESPI's counsel attended his deposition and had

the opportunity to question him. HTCA's proposed amendment therefore will not impose any undue burden on ESPI, nor will it delay the case schedule, which currently sets fact discovery to close on August 13, 2021. D.I. 117 at 1. Therefore, good cause exists for the court to grant HTCA leave to serve the proposed amended invalidity contentions attached as Ex. 4.

ESPI's reasons for not allowing amendment are meritless. ESPI does not dispute the central facts that (1) ESPI itself characterized the use of the "on board" photodetector to determine position as an essential element of the claimed invention, and (2) Mr. Carl testified that he conceived that feature. Rather, ESPI repeatedly emphasizes the burden of proof on the defense. But the question presented by this motion is merely whether HTCA may amend its *contentions*; whether ESPI disputes those contentions or whether HTCA will ultimately prevail on those contentions after discovery is irrelevant for this motion. *See, e.g. The Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc*., No. C 05-04158 MHP, 2008 WL 624771, at *4 (N.D. Cal. Mar. 4, 2008) ("the good cause requirement does not require the court to analyze the strength of [proposed amended] contentions"); *Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.,* No. C 06-7477 SI, 2008 WL 2622794, at *3 (N.D. Cal. July 1, 2008) ("[w]hether [Defendant] is ultimately able to provide the requisite clear and convincing evidence to prove its allegations of inequitable conduct is a question for another day").

For example, whether Mr. Carl collaborated with the named inventors or whether his testimony is corroborated are issues that go to whether the burden of proof has been met *after* discovery. But there is ample evidence already on both points (which is discussed in HTCA's proposed amended contentions), including ESPI's own reliance on Mr. Carl's work (including the '219 Patent, which names Mr. Carl as a joint inventor) in its discovery responses. *See generally* Ex. 4 at 19.

ESPI's claim construction arguments also fail. The Court has already issued a *Markman* order applying the plain and ordinary meaning of all claim terms (D.I. 113), and there was never any dispute about whether the features contributed by Mr. Carl (*e.g.*, placing a photodetector on board a tracked object) were claim requirements in the first place. *See generally* D.I. 85-1. And ESPI now identifies no claim construction issue with any bearing on whether Mr. Carl's contributions are embodied in the asserted claims.

As for ESPI's diligence argument, whether HTCA "knew of Mr. Carl" and his involvement in other ESPI patents earlier, as ESPI argues, is irrelevant because HTCA learned that Mr. Carl conceived of elements of the *asserted claims* of the '934 Patent when Mr. Carl testified to that effect at his deposition. *See, e.g. Roche Molecular Sys.,* 2008 WL 624771, at *7 ("[d]espite the availability of [] documentary evidence, it was reasonable… for [Defendant] to wait until after obtaining corroborating deposition testimony before attempting to amend its answer"). *Helsinn Healthcare S.A. v. Dr. Reddy's Lab'ys Ltd*., No. CIV.A. 11-3962 MLC, 2013 WL 3336859, at *4 (D.N.J. July 2, 2013) ("That pieces of the puzzle might have been revealed at earlier times does not mean that a complete picture was likewise available").

3

B.  ESPI's Position:

ESPI in the meet and confer leading up to this letter repeatedly advised HTC that it had no good faith basis for leave to amend. As addressed below, HTC continues to lack any good faith basis to amend its disclosure.

The subject '934 patent is a Continuation in Part (CIP) under 35 U.S.C. § 120. A CIP application under 35 U.S.C. § 120 is the proper means to introduce **new** patentable matter. Here, HTC submits no good faith basis, i. e. a prima facie case whereby Mr Carl can conceivably be asserted as a co-inventor or that he in any way contributed to the **new** patentable matter set forth in the "934's claims.

The non joinder of an actual inventor must be proven by clear and convincing evidence. A patent is presumed valid, and the burden of persuasion to the contrary is and remains on the party asserting invalidity. *W.L. Gore & Assoc., Inc. v. Garlock, Inc.,* [721 F.2d 1540](), 1553, (Fed.Cir.1983), cert. denied, --- U.S. ----, 105 S.Ct. 172, 83 L.Ed.2d 107 (1984). In addition, the party asserting invalidity also bears the initial procedural burden of going forward to establish a legally sufficient prima facie case of invalidity" *Ralston Purina Co v. Far-mar Co,.Inc*(Fed Circ 1985) 772 F,2d 1570 .To meet this burden, mere testimony of the ostensible unnamed inventor is not sufficient, but requires corroborating evidence, none of which HTC submits.

" The inventors as named in an issued patent are presumed to be correct." *Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997). A party alleging misjoinder or non-joinder of inventors must meet the heavy burden of proving its case by clear and convincing evidence, *see id.* (citing *Garrett Corp. v. United States*, 190 Ct. Cl. 858, 422 F.2d 874, 880 (1970)), and must provide evidence to corroborate the alleged joint inventor's conception, *see Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1461 (Fed. Cir. 1998) (holding that "an alleged co-inventor must supply evidence to corroborate his testimony" of conception), There is no showing that the testimony of Mr. Carl is relevant to the new matter in the subject CIP patent. Moreover, HTC submits nothing regarding any corroboration in its motion, much less any evidence to remotely suggest it can in good faith hope to submit evidence to meet the clear and convincing burden of proof.

For the alleged joint inventor to be listed on a patent, it must be demonstrated that his/her labors were co-joined with the efforts of the named inventors. Joint inventorship can only arise when collaboration or concerted effort occurs, i.e. when the inventors have some open line of communication during or in temporal proximity to their inventive efforts. For persons to be joint inventors there must be some element of joint behavior, such as collaboration or working under common direction, one inventor seeing a relevant report and building upon it or hearing another's suggestion at a meeting. Joint inventorship requires at least some quantum of collaboration or connection. *Kimberly-Clark Corp. v. Procter & Gamble Distrib. Co.*, 973 F.2d 911, 917 (Fed. Cir. 1992). HTC submits nothing regarding any collaboration in its motion.

Ultimately, inventorship is a legal conclusion premised on underlying factual findings, and one that depends on claim construction. *In re VerHoef*, 888 F.3d 1362, 1365 (Fed. Cir. 2018); *Trovan, Ltd. v. Sokymat SA*, 299 F.3d 1292, 1302 (Fed. Cir. 2002). Inventorship is a claim-by-claim question. *Trovan* at 1302 Accordingly, who should be listed on the face of a patent may

vary depending on what, exactly, is claimed and what, exactly, a court determines the claim scope to be. Thus, inventorship analysis begins as a first step with construction of the asserted claim. The legal scope of the claim must be known before the alleged contribution of the alleged co-inventor can be compared to the claim to determine if the correct inventors were named. HTC submits nothing regarding any claim construction in its motion.

In sum, the motion does not even attempt to meet the foregoing requisite legal standard to establish a good faith basis to assert Mr Carl is a co-inventor. Thus, the motion must be denied.

In addition, the subject motion is untimely. HTC knew of Mr Carl, and his claimed invention from the inception of this litigation ( if not before) in November 2017. His recent testimony presented nothing new. Thus, HTC did not proceed diligently in seeking to amend its disclosure. Thus, the motion must be denied.

In addition, ESPI expressly denies and objects to the statements attributed to Mr. Carl and/or conclusions of inferences HTC draws from his statements.

After ESPI submitted its position as set forth above, HTC amended its position trying to salvage its complete failure to demonstrate any good faith basis for the motion. The elephant in the room is HTC has not indicated one bit of **new matter** that Mr. Carl contributed to the subject CIP patent, nor has Mr. Carl ever claimed any such contribution, much less provided any testimony or corroborating evidence thereof. Thus, he is not and cannot be a co-inventor. Mr. Carl's testimony about his invention, which was patented over 15 years ago, is not **new matter** in the subject patent and no one, including HTC, has asserted it is. Further, all the other elements necessary for any possible co-inventor contention are manifestly and conspicuously missing from this motion and Carl's deposition testimony submitted by HTC. Per HTC's proposed amended submission, Mr. Carl left any active role at ESPI in 2004 and disassociated himself from his remaining connection with ESPI as a member of the board of directors in 2007, years before the filing of the subject CIP application on Nov. 24 ,2014. So there is no way that Mr. Carl collaborated with the named inventors in the new matter in the '934 patent and it is simply bad faith for HTC to contend otherwise. As HTC well knows, Mr. Carl did not testify about inventorship in the subject "934 patent, he did not assert any claim as inventor therein, and he did not produce any documentation that would support HTC's fictitious assertion that Mr. Carl was a co-inventor. Thus, in sum, HTC does not and cannot identify one bit of **new matter** that Mr. Carl contributed to the CIP '934 patent. HTC cannot do so because such does not exist. Likewise, logically missing is any necessary corroboration, since one cannot corroborate a non-extant predicate, i.e., any evidence of co-inventorship by Mr. Carl. Because HTC cannot assert an invalidity contention for which there is no factual or legal basis, leave to amend must be denied.

DATED: June 3, 2021

| **PERKINS COIE LLP** | **LAW OFFICE OF GARY A. ANGEL** |
|---|---|
| By: */s/ Evan S. Day*<br>    Matthew C. Bernstein, Bar No. 199240<br>    MBernstein@perkinscoie.com<br>    Evan S. Day, Bar No. 283896<br>    EDay@perkinscoie.com<br>    Ruchika Verma, Bar No. 311279<br>    RVerma@perkinscoie.com<br>    PERKINS COIE LLP<br>    11452 El Camino Real, Suite 300<br>    San Diego, CA 92130-2594<br>    Telephone: 858.720.5700<br>    Facsimile: 858.720.5799<br><br>Attorneys for Defendant<br>HTC AMERICA, INC. | By: */s/ Frear Stephen Schmid*<br>    Gary A. Angel, CSB No. 70006<br>    angelgary@aol.com<br>    Frear Stephen Schmid, CSB No. 96089<br>    frearschmid@aol.com<br>    LAW OFFICE OF GARY A. ANGEL<br>    90 New Montgomery Street, Suite 600<br>    San Francisco, CA 94105<br>    Telephone: 415.788.5935<br>    Facsimile: 415.788.5958<br><br>Attorneys for Plaintiff<br>ELECTRONIC SCRIPTING PRODUCTS, INC. |

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(1), I attest that the concurrence in the filing of this document has been obtained from each of the other signatories.

DATED: June 3, 2021

By: */s/ Evan S. Day*

Attorneys for Defendant
HTC AMERICA, INC.