UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ELECTRONIC SCRIPTING PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HTC AMERICA INC., <br><br> Defendant. | Case No. 17-cv-05806-RS (RMI) <br><br> **ORDER RE: DEFENDANT'S REQUEST TO AMEND INVALIDITY CONTENTIONS** <br><br> Re: Dkt. No. 130 |

Now pending before the court is a jointly-filed letter brief through which Defendant seeks leave to amend its invalidity contentions in order "to add an additional invalidity defense of improper inventorship under 35 U.S.C. § 102(f)." Ltr. Br. (dkt. 130) at 2. Plaintiff opposed this motion based on the below-discussed reasons – none of which are persuasive. Accordingly, Defendant's request for leave to amend is granted.

This Court's Local Patent Rules require parties to identify their respective infringement and invalidity theories early in the litigation. *See* Patent L.R. 3-1, 3-3. Once served, the infringement and invalidity contentions frame the parties' respective theories, and those contentions may be amended only by order of the court and upon a timely showing of good cause. *See* Patent L.R. 3-6. By way of illustration, Rule 3-6 provides "[n]on-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause [such as] [the] recent discovery of material, prior art despite earlier diligent search; and [r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id*. at Rule 3-6 (b) & (c).

Initially, the court will note that the diligence component of the good cause requirement for amending these contentions "does not require perfect diligence." *Facebook, Inc. v. Blackberry Ltd.*, No. 18-cv-05434-JSW (JSC), 2020 U.S. Dist. LEXIS 31377, at *14 (N.D. Cal. Feb. 13, 2020). That said, "[t]he purpose of these disclosures is to 'require parties to crystallize their theories of the case early in the litigation,' so as to 'further the goal of full, timely discovery and provide all parties with adequate notice of and information with which to litigate their cases.'" *Finjan, Inc. v. Symantec Corp.*, No. 14-cv-02998-HSG (JSC), 2018 U.S. Dist. LEXIS 14953, at *5-6 (N.D. Cal. Jan. 29, 2018) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006); *Atmel Corp. v. Info. Storage Devices, Inc.*, No. C 95-1987 FMS, 1998 U.S. Dist. LEXIS 17564, 1998 WL 775115, at *2 (N.D. Cal.1998); and, *Genentech, Inc. v. Trustees of Univ. of Pennsylvania*, Case No. 10-cv-2037, 2012 U.S. Dist. LEXIS 16959, 2012 WL 424985, at *2 (N.D. Cal. Feb. 9, 2012)). The interplay between the above-mentioned provisions of this District's Local Patent Rules boils down to the task of balancing one party's need to develop new information in discovery, with the other party's need for certainty as to the legal theories at play in the case – and, as it relates to this task of balancing these competing needs, courts have wide discretion as to the manner in which they enforce and apply their local patent rules. *See e.g.*, *Finjan, Inc.*, 2018 U.S. Dist. LEXIS 14953 at *5-6 (citing *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005).

About eighteen years ago, Plaintiff developed an electronic pen which would track its own position and orientation using an onboard camera designed to detect reference points in its environment from which the position and orientation of the pen could be inferred. *See* Ltr. Br. (dkt. 130) at 2. In 2004 Plaintiff applied for a patent on this concept, which issued in September of 2013 as U.S. Patent No. 8,542,219 (the "219 Patent") ("Processing Pose Data Derived from the Pose of an Elongate Object") and named Stewart R. Carl, Michael J. Mandella, Guanghua G. Zhang, and Hector H. Gonzalez-Banos as the inventors. *See* Exh-1 to Ltr. Br. (dkt. 130-1) at 2. Building upon this foundation in "pose detection," and over the course of subsequent continuation-in-part applications, in January of 2016 Plaintiff was awarded U.S. Patent No. 9,235,934 (the "934 Patent") ("Computer Interface Employing a Wearable Article with an

Absolute Pose Detection Component") which named Michael J. Mandella, Hector H. Gonzalez-Banos, and Marek Alboszta as the inventors. *See* Exh-2 to Ltr. Br. (dkt. 130-2) at 2. At the heart of the 934-Patent is "[a] wearable article, such as glasses for a virtual reality program . . . using light sources and a photodetector that detects their light and outputs data indicative of the detected light . . . [and] uses one or more controllers to determine its position and/or orientation in the environment based on the data output by the photodetector." *Id*. The essence of Plaintiff's case is that Defendant has developed certain virtual reality devices that infringe the 934 Patent. *See generally* FAC (dkt. 74) 2-7.

In April of 2021, Defendant succeeded in deposing Stewart R. Carl who testified that it was he who "first contributed the concept of placing a photosensor (e.g., a camera) on an object being tracked and using data from that sensor to calculate the position and orientation of the object, a concept which is essential to the remaining asserted patent claims." Ltr. Br. (dkt. 130) at 2. At the hearing conducted on this letter brief on July 16, 2021, counsel for HTC noted some difficulty during the preceding months in effecting service on Mr. Carl such as to secure his attendance at a deposition, but that once served and deposed, Defendant promptly informed Plaintiff of its intention to seek leave to amend its invalidity contention such as to include the assertion that the 934 Patent is invalid for failure to name Mr. Carl as an inventor. Therefore, as to diligence, a little over a week after receipt of Mr. Carl's deposition transcript, Defendant put Plaintiff on notice of its intent to seek leave to amend its invalidity contention as to the 934 Patent (due to a failure to list Mr. Carl as an inventor), which was followed by the required meet-and-confer process that preceded the filing of the instant letter brief. *See id*. at 3. Regarding prejudice, Defendant argues that Plaintiff will not be able to show any prejudice stemming from the above-described amendment because such an amendment will neither delay the case schedule (for which fact discovery is still ongoing) nor impose any other undue burden on Plaintiff because "Mr. Carl is the only witness who has been deposed so far in this case [and] [Plaintiff's] counsel attended his deposition and had the opportunity to question him." *Id*. at 3-4.

Plaintiff opposes Defendant's request for leave to amend for a number of reasons. First, Plaintiff contends that because the 934 Patent is a continuation-in-part application, Defendant's

3

1  requested amendment must be denied because Defendant has not demonstrated that Mr. Carl "in
2  any way contributed to the **new** patentable matter set forth in the [934 Patent's] claims." *Id*. at 5, 6
3  (emphasis in original). Plaintiff's contention to this effect in the letter brief was unattended with
4  any citation to authority – nor was the court able to find any authority to support such a
5  proposition; during the hearing, the court specifically asked Plaintiff's counsel whether he was
6  aware of any authority for such a proposition. Counsel responded in the negative. Because this
7  contention is unsupported by any legal authority, the undersigned finds it unpersuasive.
8  Additionally, Plaintiff makes a series of other arguments – while being correct statements of the
9  law – they not relevant to the task at hand. For example, Plaintiff submits that non-joinder of an
10 actual inventor must be proven by clear and convincing evidence; that proving invalidity on this
11 ground requires corroborating evidence beyond the testimony of an ostensible co-inventor; that
12 inventorship is a claim-by-claim question and that true joint-inventorship can only arise when
13 there is collaboration or concerted efforts. *Id*. at 5-6. However, as Defendant points out, the good
14 cause requirement set forth in Local Patent Rule 3-6 does not require the court (when permitting or
15 denying leave to amend) to analyze the strength of the proposed amended contention or to
16 determine *now* whether Defendant will ultimately be able to prove the joint-inevntorship by clear
17 and convincing evidence. *Id*. at 4 (citing *The Bd. of Trustees of Leland Stanford Junior Univ. v.*
18 *Roche Molecular Sys., Inc.*, No. C 05-04158 MHP, 2008 WL 624771, at *4 (N.D. Cal. Mar. 4,
19 2008); and, *Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*, No. C 06-7477 SI,
20 2008 WL 2622794, at *3 (N.D. Cal. July 1, 2008)). The undersigned agrees with Defendant's
21 position in this regard because, as Defendant puts it, the question presented by this letter brief is
22 merely whether Defendant may amend its contentions, not whether Defendant will ultimately
23 prevail on those contentions after discovery.
24     Plaintiff also submits that "inventorship is a legal conclusion premised on underlying
25 factual findings, and one that depends on claim construction . . . [but that Defendant] submits
26 nothing regarding any claim construction in its motion." Ltr. Br. (dkt. 130) at 5-6. However, given
27 that the court has already issued a Claims Construction Order (dkt. 113) in which it was held that
28 "the disputed terms require no construction [and that] the 'plain language' of the claim will

4

suffice," (*id*. at 1-2), Plaintiff's argument in this context does not identify any claim construction issue that might have any relevance, as Defendant points out, to the question of "whether [or not] Mr. Carl's contributions are embodied in the asserted claims." Ltr. Br. (dkt. 130) at 4. Another argument advanced by Plaintiff seems similarly irrelevant to the task of determining whether or not good cause exists to permit the requested amendment – namely, Plaintiff's disagreement with the substance of Mr. Carl's testimony. In this regard, Plaintiff contents that it "expressly denies and objects to the statements attributed to Mr. Carl and/or conclusions of (sic) inferences HTC draws from his statements." *Id*. at 6. First, in the present context, it is insufficient to simply object to certain testimony without explaining why; likewise, it is insufficient to simply deny the veracity of the testimony in question. Without a meritorious and pertinent basis for the objection, the simple utterance of the word "objection" has no effect on the determination of whether Mr. Carl's testimony might constitute what Rule 3-6(c) describes as a "[r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." That is, Rule 3-6 makes no exception for recently discovered information that is the subject of a denial or an unexplained objection. As Defendant puts it, while Plaintiff "may not like or agree with Mr. Carl's testimony that he developed the concept of an 'on-board' photodetector to track position and orientation of an object . . . [even Plaintiff's] own description of the ideas contributed by Mr. Carl [characterizes those ideas] as the 'core concept' of the alleged invention." Ltr. Br. (dkt. 130) at 3.

Lastly, Plaintiff suggests that Defendant's request for leave to amend is untimely because Defendant "knew of Mr. Carl, and his claimed invention from the inception of this litigation (if not before) in November of 2017 [and that] [h]is recent testimony presented nothing new[,] [t]hus, HTC did not proceed diligently in seeking to amend its disclosure." *Id*. at 6. The undersigned finds Plaintiff's diligence argument to be conclusory and unsupported by any authority, persuasive or otherwise. In fact, the undersigned specifically finds that it was not unreasonable for Defendant to wait until securing some corroborating deposition testimony before seeking leave to amend its invalidity contention, regardless of the preexisting documentary evidence in the form of Mr. Carl being named as one of the inventors of the 219 Patent while his name was omitted from the list of

5

inventors for the 934 Patent – in this regard, the undersigned finds the authorities cited by Defendant (*see id*. at 4) to be persuasive. *See e.g., Bd. of Trs. v. Roche Molecular Sys.*, No. C 05-04158 MHP, 2008 U.S. Dist. LEXIS 16556 at *21 (N.D. Cal. Mar. 3, 2008) ("Despite the availability of this documentary evidence, it was reasonable – indeed, perhaps necessary – for Roche to wait until after obtaining corroborating deposition testimony before attempting to amend its answer."); *see also In re Certain Consol. Roflumilast Cases*, Civil Action No. 15-3375 (FLW), 2017 U.S. Dist. LEXIS 141102 at *5, *6-*7 (D.N.J. Aug. 31, 2017) ("As to improper inventorship, the Movants state, the depositions revealed additional information concerning the respective roles of Dr. Amschler and the named inventors in the conception and reduction to practice of the subject matter of the Patents . . . [sometimes] additional discovery, including depositions, may be necessary to reveal, develop or confirm that sufficient evidence exists to support a party's proposed amendments . . . [in this case] the inventors' depositions were necessary in order for the Movants to establish critical elements of the 'new' defenses . . . [and] [u]nder [such] circumstances, the Court concludes that the Movants acted with reasonable diligence and that their application was timely presented to the Court."); *see also Advanced Cardiovascular Sys. v. Scimed Life Sys.*, 989 F. Supp. 1237, 1247 (N.D. Cal. 1997) (a party is entitled to confirm factual allegations before amending to include the inequitable conduct defense). Accordingly, the undersigned finds that Defendant acted diligently in seeking and securing the testimony in question, and that there was no undue delay attending the requested leave to amend its invalidity contentions.

As to the possibility that Plaintiff might suffer prejudice as a result of the request for leave to amend now being contemplated, the undersigned finds that not only has Plaintiff failed to articulate any real prejudice (either in the letter brief or at the hearing), but that Plaintiff's arguments as to Defendant's supposed lack of diligence effectively undermine any assertion of prejudice that might stem from allowing the requested amendment. That is, given that Plaintiff contends that Defendant "knew of Mr. Carl, and his claimed invention from the inception of this litigation" (*see* Ltr. Br. (dkt. 130) at 6), Plaintiff's argument in this regard makes it apparent that Plaintiff "will suffer no prejudice from amendment given that [Plaintiff] already knew of the facts

and legal theory underlying [Defendant's proposed amendment to its invalidity contentions] . . . [and that Plaintiff] must have anticipated that these amendments would be forthcoming." *See Advanced Cardiovascular Sys.*, 989 F. Supp. at 1247.

In short, based on Mr. Carl's testimony (*see generally* Exh-3 Ltr. Br. (dkt. 130-3) at 4-7, 17-20, 30-33, 38-40), the undersigned finds that Defendant has satisfied the requirements set forth in Local Patent Rule 3-6 such as to be entitled to amend its invalidity contentions in order to include an assertion that the 934 Patent is allegedly invalid due to a failure to name Mr. Carl therein as an inventor. In so deciding, the undersigned has considered the Parties' arguments while balancing Defendant's need to develop new information in discovery with Plaintiff's need for certainty as to the legal theories at play in the case. After carefully weighing these considerations, and for the above-stated reasons, Defendant's request for leave to amend is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 21, 2021

_____
ROBERT M. ILLMAN
United States Magistrate Judge