1  Christopher (Casey) McNamara (SBN 209205)
   cmcnamara@foxrothschild.com
2  FOX ROTHSCHILD LLP
   345 California Street, Suite 2200
3  San Francisco, CA 94104-2670
   Telephone:     415.364.5540
4  Facsimile:     415.391.4436

5  Attorneys for non-party
   VALVE CORPORATION
6
   Gary A. Angel, CSB No. 70006
7  Frear Stephen Schmid, CSB No. 96089
   LAW OFFICE OF GARY A. ANGEL
8  177 Post Street, Suite 550
   San Francisco, Ca 94108
9  Telephone: (415) 788-5935
   Facsimile: (415) 788-5958
10 Email: Angelgary@Aol.Com
   Email: frearschmid@aol.com
11
   Attorneys for Plaintiff
12 ELECTRONIC SCRIPTING PRODUCTS, INC.

13

14

15                    **UNITED STATES DISTRICT COURT**

16                    **NORTHERN DISTRICT OF CALIFORNIA**

17                           **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 18  ELECTRONIC SCRIPTING PRODUCTS, INC., | Case No: 3:17-cv-05806-RS (RMI) |
| 19 | **STIPULATION AND ~~PROPOSED~~ ORDER EXTENDING THE DEADLINE TO FILE A MOTION TO RETAIN CONFIDENTIALITY UNDER THE PROTECTIVE ORDER** |
| 20             Plaintiff, | |
| 21                  v. | |
| 22  HTC AMERICA, INC., | |
| 23             Defendants. | |

24

25      Non-party Valve Corporation ("Valve") and Plaintiff Electronic Scripting Products, Inc.

26  ("ESPi") stipulate to extend the deadline for Valve to file a motion to retain the confidentiality of

27  materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

28  ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Stipulated Protective

Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Protective Order"). (Dkt. # 95.)

## RECITALS

On March 18, 2020, the Court entered the Protective Order. (Dkt. # 95.) The Protective Order allows parties and non-parties to designate material produced in discovery and deposition testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." (Protective Order, § 5.2.) The Protective Order provides that a party may challenge a confidentiality designation, and, if the issue is not resolved through the meet and confer process, the designating party or non-party must file a motion within 21 days of the initial notice challenging the designation. (Protective Order, § 6.3.)

Valve corporate designee Alan Yates was deposed pursuant to Rule 30(b)(6) on July 14, 2021. Valve designated the transcript of the deposition and exhibits thereto as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Protective Order. On August 12, 2021, ESPi notified Valve that it was challenging all of Valve's designations of testimony as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

On August 19, 2021, Defendant HTC America Inc. ("HTC") filed an administrative motion to seal certain materials submitted in support of its motion for summary judgment, including the deposition transcript and exhibits designated by Valve as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." (Dkt. # 149.) Valve filed a declaration in support of HTC's administrative motion to seal on August 23, 2021. (Dkt. # 153.) ESPI filed an opposition to the motion on August 25, 2021. (Dkt. # 155.)

On August 23, 2021, Valve provided ESPi with a transcript of the deposition of Alan Yates with revised designations, including removing the confidentiality designations from some testimony, and designating other testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

The Court has not yet issued a ruling on HTC's administrative motion to seal. As the Court's ruling on HTC's administrative motion to seal may inform Valve's and ESPi's positions regarding Valve's confidentiality designations, Valve and ESPi filed a stipulation to extend the deadline for Valve to file a motion to retain its confidentiality designations from September 2, 2021 to September 7, 2021. (Dkt. # 159.)

On September 1, 2021, the Court issued an order advising that sealing motions typically are not decided prior to a ruling on the associated substantive motion. (Dkt. #160.) Pursuant to the stipulation between Valve and ESPi, the Court ordered that the deadline for Valve to file a motion retain its confidentiality designations to September 7, 2021. (Dkt. # 161.)

As Valve and ESPi continue to believe the Court's ruling on HTC's administrative motion to seal may inform Valve's and ESPi's positions regarding Valve's confidentiality designations, Valve and ESPi have agreed to further extend the deadline for Valve to file a motion to retain its confidential designations from September 7, 2021 to five (5) days after the Court issues a ruling on HTC's administrative motion to seal. (Dkt. # 149.)

**STIPULATION**

Valve and ESPi hereby stipulate that the deadline for Valve to file a motion under Section 6.3 of the Protective Order to retain its confidentiality designations of the transcript of the July 14, 2021 deposition of Alan Yates and the exhibits thereto shall be continued from September 7, 2021 to five (5) days after the Court issues a ruling on HTC's administrative motion to seal. (Dkt. # 149.)

The filer of this Stipulation attests that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: September 7, 2021              FOX ROTHSCHILD LLP

                                      By  /s/ Christopher J. McNamara
                                          Attorneys for Non-Party,
                                          Valve Corporation


Dated: September 7, 2021              LAW OFFICE OF GARY A. ANGEL

                                      By  /s/ Frear Stephen Schmid
                                          Attorneys for Plaintiff,
                                          Electronic Scripting Products, Inc.

## [~~PROPOSED~~] ORDER

PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.

Dated: September 7, 2021

_____
Honorable Robert M. Illman
United States Magistrate Judge